GUERRY, OATIS & COMPANY *et al.*, plaintiffs in error, *vs.* MARY M. BROWN, defendant in error.

The testimony of a witness was taken by interrogatories. When the case was tried, the witness being present, was introduced and examined orally. On a subsequent trial of the same case, the witness then being absent, his depositions were read. The adverse party was allowed to prove, by way of impeachment, that the evidence of the witness, when examined in Court on the first trial, was different from his testimony as it appeared in the interrogatories. The defendant, in whose behalf the interrogatories were read, had testified on the trial *that the witness had stated to him what was substantially the same as was proven by the impeaching witness:*

*Held,* That the admission of the testimony is no ground for a new trial.

Evidence. Impeachment of witness. Before Judge HARRELL. Quitman Superior Court. May Term, 1872.

Mary M. Brown brought complaint against Guerry, Oatis & Company, and Theodore L. Guerry and William Harrison, as executors of James Harrison, deceased, upon the following note:

Guerry, Oatis & Company *et al.*, *vs.* Brown.

"$3,060 00. One month after date we promise to pay Mrs. M. M. Brown, or bearer, three thousand and sixty dollars, value received. 29th January, 1867.

(Signed)          " GUERRY, OATIS & COMPANY,
                   " JAMES HARRISON."

Credits. " Received, 28th October, 1867, on the within note, $500 00."

" Received on the within note $134 69, January 1st, 1868."

The pleas and evidence are necessary to an understanding of the decision, as the ground of error appears fully in the motion for a new trial.

The jury returned a verdict for the plaintiff. The defendant moved for a new trial upon the following ground, to-wit:

Because the Court erred in allowing the plaintiff to introduce James W. Mercer to show that Henry J. Oatis had been examined as a witness upon a former trial of this case at the November term, 1871, and upon that examination had made certain statements contradictory to what he had stated in his answers to a set of interrogatories read upon the trial just had, before the plaintiff had laid a foundation for the introduction of such testimony.

The bill of exceptions discloses the fact that the defendant, William Harrison, had testified on the trial that the witness, Oatis, had stated to him what was substantially the same as was proven by the impeaching witness.

The motion for a new trial was overruled, and the defendants excepted.

B. S. WORRILL; JAMES GUERRY; J. L. WIMBERLY, for plaintiffs in error.

JOHN T. CLARKE, for defendant.

Guerry, Oatis & Company *et al.*, *vs.* Brown.

TRIPPE, Judge.

When the witness whose testimony was sought to be impeached testifies, on the stand, on the first trial, he stated a fact, as substantially being a conclusion of his own mind from a conversation with the plaintiff, to-wit: what he considered to be the fact from that conversation. In his interrogatories which had been previously executed, and which, in his absence, were read on the second trial, the same matter was stated more positively, without the addition as to what he considered or concluded the agreement to be, from the conversation. A witness was allowed by the Court, over defendant's (plaintiff in error) objection, to prove what the first witness had stated on his examination at the first trial, to show the qualifications he then put on his statements. The interrogatories of the deceased defendant below, William Harrison, were introduced by defendant. His evidence showed that the witness whose testimony was sought to be impeached, had stated to him substantially what was proven by the impeaching witness. The impeached witness, so to call him, was also a party, a co-defendant in the case at the first trial.

We recognize the rule that a witness who is sought to be impeached should have opportunity to explain to protect himself, and that the party introducing him has rights dependent on it that should be regarded. But in this case, the impeachment was so slight and the defendant Harrison, who was, through his representative, the only defendant at this trial, having proven the same thing which was testified to by the impeaching witness, we do not think it is a ground for a new trial. It is proper also to add, that Oatis, the witness who was impeached, was not a party to this trial. Harrison was the security, and a new trial from the former verdict had been granted only to him.

Judgment affirmed.